Ricky L. Brown v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-001-CR

RICKY L. BROWN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A
ppellant Ricky L. Brown appeals his conviction for possession with intent to deliver one gram or more of cocaine, but less than four grams
.  

Pursuant to a negotiated agreement, Brown pleaded guilty to the offense, and the State recommended a sentence of four years’ confinement.  The judge subsequently sentenced Brown to three years’ confinement in the Institutional Division of the Texas Department of Criminal Justice.

Brown’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.  Brown has been given the opportunity to file a pro se brief in support of his appeal, but has not done so.

Once an appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and that motion fulfills the requirements of 
Anders
, this court is obligated to undertake an independent examination of the record to essentially re-brief the case for appellant to see if there is any arguable ground that may be raised on appellant’s behalf.  
See Stafford v.
 
State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

Because Brown pleaded guilty to the offense, he waived the right to appeal any non-jurisdictional defects, other than the voluntariness of his plea, that occurred before entry of the plea so long as the judgment of guilt was rendered independent of, and is not supported by, the alleged error.  
See Young
 
v. State
, 8 S.W.3d 656, 666-67 (Tex. Crim . App. 2000); 
Lewis v. State
, 911 S.W.2d 1, 4-5 (Tex. Crim. App. 1995).  Therefore, our independent review of the record is limited to potential jurisdictional defects, the voluntariness of Brown’s plea, the trial court’s rulings on pretrial motions, specific matters the trial court gave Brown permission to appeal, and potential error occurring after the guilty plea.

A.  
Jurisdictional Defects

Our review of the clerk’s record reveals no jurisdictional defects.  The trial court had jurisdiction over the case.  
See
 T
ex. Code Crim. Proc. Ann. 
art. 4.05 (Vernon Supp. 2003).  Further, the indictment sufficiently conferred jurisdiction on the trial court and provided appellant with sufficient notice.  
See
 
Tex. Const. 
art. V, § 12; 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).

B.  
Voluntariness of Plea

The clerk’s record reveals that Brown’s plea was knowing and voluntary.  Brown stated in open court that he was pleading guilty to the charged offense for no other reason than that he was guilty and that he had been neither coerced nor promised anything in return for pleading guilty.  The trial court properly admonished Brown before he pleaded guilty.  
See
 
Tex. Code Crim. Proc. Ann. 
art. 26.13(a)(1).  Nothing in the clerk’s record would support a claim that Brown’s plea was involuntary.

C.  Pretrial Rulings and Permission to Appeal

An examination of the clerk’s record also reveals that no pretrial motions were filed and that the trial court did not give Brown permission to appeal any specific issues.  Additionally, no error occurred before Brown’s plea of guilty was entered.  As a result, there is no appealable error under the holding of 
Young
.  8 S.W.3d 666-67.

Moreover, the record shows that Brown was represented at the trial level by competent counsel who managed to negotiate the State’s waiver of the  habitual offender notice and recommendation of a four-year sentence.  Brown stated in open court that he was fully satisfied with the representation he had received from trial counsel.  Thus, our review of the record reveals no arguable grounds regarding potential errors that might have occurred prior to Brown’s plea.

D.  Potential Errors That Might Have Occurred After Plea

The sentence assessed by the trial court, three years’ imprisonment in the Institutional Division of the Texas Department of Criminal Justice, is within the statutorily permissible range.  
See
 
Tex. Penal Code Ann. §
 12.33 (Vernon 2003).  Therefore, we discern no reversible error during the punishment phase.  

E.
  
Conclusion

After independently reviewing the record, we agree with appellate counsel’s determination that any appeal from this case would be frivolous. Accordingly, we grant appellate counsel’s motion to withdraw and affirm the trial court’s judgment.

PER CURIAM 

PANEL F: WALKER, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: September 25, 2003

FOOTNOTES
1:
Tex. R. App. P
. 47.4.